**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　v.<br><br>BRIAN SAWYERS,<br><br>　　　　　Defendant. | CR No. 15-00070-RSWL<br><br>**ORDER re: DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY INTERPRETING CODED LANGUAGE** [92] |

　　　Currently before the Court is Defendant Brian Sawyers' ("Defendant") Motion *in Limine* to Exclude Testimony Interpreting Coded Language [92] ("Motion"). In his Motion, Defendant seeks to exclude testimony proffered by the government interpreting coded language in conversations between Defendant and a confidential informant ("CI"). For the reasons stated below, this Court **DENIES** Defendant's Motion [92].

1

## A. BACKGROUND

The present Motion arises from audio and video recorded interactions, which the government alleges were drug deals, between Defendant and the CI. The government alleges that on February 3, 2012, the CI spoke to Defendant at Defendant's place of business to try to arrange a drug deal. Pl.'s Opp'n ("Opp'n") 2:7-8, ECF No. 95. The government contends that later that same day, the CI met Defendant and purchased approximately one ounce of crack cocaine for $700. Id. at 2:20-22. The government alleges that on March 1, 2012, the CI met again with Defendant at Defendant's place of business. The government alleges that during their meeting, the CI told Defendant that he wanted to purchase crack cocaine. Id. at 2:24-3:2. The government maintains that shortly thereafter, at Defendant's home, Defendant sold the CI approximately two-and-a-half ounces of crack cocaine in exchange for $1,700. Id. at 3:5-9. The government states that during these two encounters, Defendant and the CI were recorded by audio and video surveillance equipment. The government further states that "[d]uring the course of these recorded meetings, calls, and drug deals, [D]efendant and the CI used coded language and/or slang in [] discussing the terms of the drug transactions." Id. at 3:10-15.

Defendant is charged in a two-count indictment with (1) distribution of cocaine base in the form of crack

cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C)(iii) (Count One); and (2) distribution of cocaine base in the form of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C)(iii) (Count Two). Trial is set for August 2, 2016.

On October 28, 2015, the government provided Defendant with its expert disclosures, which notified Defendant that the government intended to call, among others, Los Angeles Police Department ("LAPD") Detective Christian Mrakich ("Mrakich") as a drug expert, who will testify regarding, among other things, the use and meaning of coded language or slang used in the recordings between Defendant and the CI.  Opp'n, Decl. of Ann C. Kim ("Kim Decl.") ¶ 2, Ex. A.

On July 15, 2016, the government supplemented its expert disclosures with regard to the drug expert testimony that would be elicited at trial, including, but not limited to, the use of coded language by drug traffickers and distributors, and specifying the specific code words and/or slang to which Detective Mrakich would testify.  Kim Decl. ¶ 3, Ex. B.

On July 22, 2016, Defendant filed the present Motion *in Limine* seeking to exclude Mrakich from testifying about certain words / phrases on the grounds that the proffered testimony is not necessary to help the trier of fact understand the evidence or determine a fact at issue.

//

**B.   DISCUSSION**

    1.   <u>Legal Standard</u>

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or otherwise specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702. An expert's opinion may be based on hearsay or facts not in evidence, where the facts of data relied upon are of the type reasonably relied on by experts in the field. <u>See</u> Fed. R. Evid. 703. An expert may also provide opinion testimony even if it embraces an ultimate issue to be decided by the trier of the fact. <u>See</u> Fed. R. Evid. 704.

The Ninth Circuit has held that the admissibility of expert testimony generally turns on the trial court answering the following questions: (a) whether the opinion is based on scientific, technical, or other specialized knowledge; (b) whether the expert's opinion would assist the trier of fact in understanding the evidence or determining a fact in issue; (c) whether the expert has appropriate qualifications; (d) whether the testimony is relevant and reliable; (e) whether the methodology or technique the expert uses "fits" the conclusions; and (f) whether the probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of

4

time." <u>United States v. Hankey</u>, 203 F.3d 1160, 1168 (9th Cir. 2000).

    2. <u>Analysis</u>

        *a. Mrakich's Testimony is Admissible Under Rule 702*

The government intends Mrakich only to testify as a drug expert, and has noted that it "will not elicit testimony from law enforcement lay witnesses regarding the coded language." Opp'n 4:10-23, ECF No. 95. Thus, there is no issue as to whether Mrakich will proffer inappropriate lay witness testimony. Regarding expert testimony, the Ninth Circuit has found that testimony regarding the meaning of code words is admissible in narcotics prosecutions to assist the trier of fact. <u>See e.g.</u>, <u>United States v. Plunk</u>, 153 F.3d 1011, 1017 (9th Cir. 1998), <u>amended</u>, 161 F.3d 1195 (9th Cir. 1998) (admitting expert testimony on the true meaning of code words used by members of a drug trafficking conspiracy); <u>United States v. Tafoya</u>, 2003 WL 21949167, at *1 (9th Cir. Aug. 13, 2003) (admitting expert testimony about drug culture and terminology at drug trafficking trial). Upon review of the government's Opposition [95], the Kim Declaration, and supporting Exhibits, it is clear to this Court that Mrakich likely has sufficient specialized knowledge and experience to assist the trier of fact in understanding the evidence and/or determining a fact in issue. <u>See</u> Kim Decl. Ex. A § 5(b), Ex. B.

//

### b. Mrakich's Expert Opinion is Reliable

Defendant argues that Mrakich's proffered testimony is not reliable and is, at best, "experienced speculation." Mot. 7:26. On the contrary, the Court finds that Mrakich's testimony will likely be relevant and reliable. See Kim Decl. Ex. A § 5(b) ("The bases and reasons for Detectives Shear's and Mrakich's anticipated testimony are their training and experience, first-hand experience with this case, and review of the law enforcement reports, laboratory reports, and recordings and transcripts in this case."). The government anticipates that Mrakich will testify regarding the "use and meaning of code words in drug transactions," see id., and maintains that "[h]is expertise stems from his more than 20 years of experience with LAPD, during which he has investigated hundreds of narcotics / gang-related cases. Detective Mrakich has spoken to gang members on thousands of occasions and participated in narcotics / gang wiretap investigations, which included drug distributors discussing various aspects of drug trafficking." Opp'n 4:23-5:4. Defendant does not contest that Mrakich lacks such experience, and proffers no persuasive argument to this Court that Mrakich's testimony will be irrelevant or unreliable.

Finally, the Court finds Defendant's Daubert argument unconvincing. In situations such as the present case, where the expert testimony's "reliability

6

depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it," the Court need not consider the Daubert factors. See Hankey, 203 F.3d at 1160 (admitting expert's testimony regarding a gang without consideration of Daubert factors, due to expert's evidenced specialized knowledge of gang at issue). Moreover, the Ninth Circuit has noted: "The Daubert factors were not intended to be exhaustive nor to apply in every case." Hankey, 203 F.3d at 1168; see also Skidmore v. Precision Printing and Packaging, Inc., 188 F.3d 606, 616 (5th Cir. 1999) ("Whether Daubert's suggested indicia of reliability apply to any given testimony depends on the nature of the issue at hand, the witness's particular expertise, and the subject of the testimony. It is a fact-specific inquiry."). Rather, the Supreme Court has noted that "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Kuhmo Tire v. Carmichael, 526 U.S. 137, 150 (2005).

Upon consideration of Mrakich's long career in narcotics law-enforcement, his expertise, as outlined by the government, and the subject-matter on which he intends to testify, the Court finds that Mrakich's testimony will be relevant and reliable.

        *c.    The Probative Value of the Evidence Outweighs Any Potential Unfair Prejudice*

7

1    Defendant argues that Detective Mrakich's testimony
2 regarding the coded language should be excluded because
3 "admission of his opinion as expert testimony would be
4 highly prejudicial."  Mot. 8:3-11.
5    Federal Rule of Evidence 403 excludes evidence only
6 when "the probative value is *substantially* outweighed by
7 the danger of unfair prejudice."  Fed. R. Evid. 403
8 (emphasis added).
9    As discussed above, the government has noted
10 Mrakich will not proffer lay witness testimony, but
11 rather will restrict his testimony to his specialized
12 knowledge of narcotics and related coded language, as an
13 expert witness.  Additionally, the Court finds that the
14 probative value of Mrakich's testimony outweighs any
15 prejudice to Defendant.  Further, simply because
16 Mrakich's expert testimony regarding the meaning of the
17 coded language may work to Defendant's detriment,
18 indicating to a jury that Defendant knowingly engaged in
19 illegal drug sales, it does not follow that this
20 constitutes "unfair" prejudice within the meaning of
21 Rule 403.  See United States v. Joetzki, 952 F.2d 1090,
22 1094 (9th Cir. 1991) (finding evidence is "unfairly
23 prejudicial . . . if it has an undue tendency to suggest
24 a decision on an improper basis such as emotion or
25 character rather than evidence presented on the crime
26 charged."); see also Fed. R. Evid. 403 Advisory
27 Committee Notes ("'Unfair prejudice' within its context
28 means an undue tendency to suggest a decision on an

improper basis, commonly, though not necessarily, an emotional one.").

Finally, the Court is not convinced that the disputed phrases are so basic in nature and "fully within the knowledge of an average juror" so as to render Mrakich's testimony unnecessary, confusing, misleading, or a waste of time. Upon consideration of the phrases in dispute, the testimony to be proffered, and the high standard required for exclusion of evidence established by Rule 403, the Court finds Mrakich's testimony admissible.

Accordingly, this Court **DENIES** Defendant's Motion *in Limine* [92].

DATED: July 29, 2016   <u>s/ RONALD S.W. LEW</u>
                       **Honorable Ronald S.W. Lew**
                       Senior U.S. District Judge