1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,      )   CR 15-00070-RSWL-1
                                     )
12             Plaintiff,            )   **ORDER Re: 21 U.S.C. §**
                                     )   **851 PROVE-UP**
13        v.                         )
                                     )
14   BRIAN SAWYERS, a.k.a. "B",      )
                                     )
15             Defendant.            )
                                     )
16                                   )
                                     )
17                                   )
                                     )
18   _____)

19                      **I. INTRODUCTION**

20        On August 4, 2016, Defendant Brian Sawyers

21   ("Defendant") was found guilty of two counts of

22   distribution of crack cocaine.  On April 24, 2015, the

23   Government filed an Information ("Info.") pursuant to

24   21 U.S.C. § 851, to establish prior convictions [39].

25   On October 25, 2016, Defendant filed a Response

26   ("Resp.") to the Information [139].  On November 7,

27   2016, the Government filed a Reply to Defendant's

28   Response [140].  On November 15, 2016, the Court held a

                              1

prove-up hearing where all parties were provided an opportunity to address the Court and provide any arguments and evidence in support of their positions. The Court, having reviewed all papers and arguments submitted pertaining to the Information, **NOW FINDS AND RULES AS FOLLOWS:** the Government has met its evidentiary burden in proving beyond a reasonable doubt that the convictions in Counts One, Two, and Three in the Information occurred.  Counts One, Two, and Three may be used to enhance Defendant's sentencing.

## II. DISCUSSION

**A.   Legal Standard**

21 U.S.C. § 851(a) states that there shall not be increased punishment under this section unless the Government satisfies the four procedural requirements in Section 851(a) that the Information be in writing, be filed with the court and served on the defendant or his counsel, be filed and served before trial or before a guilty plea, and the substance of the information must identify the previous conviction(s).  <u>U.S. v. Severino</u>, 316 F.3d 939, 943 (9th Cir. 2003).  If the person denies any of the allegations in the Information or alleges any conviction is invalid, he must file a written response.  28 U.S.C. § 851(c)(1).  The court shall hold a hearing to determine any issues raised in the response and except as provided in Section 851(c)(2), the Government has the burden of proof beyond a reasonable doubt on any issue of fact.  <u>Id.</u>

If a person claims that any of the convictions alleged
in the Information were obtained in violation of the
Constitution of the United States, he

> "shall set forth his claim, and the factual basis
> therefor, with particularity in his response to the
> information.  The person shall have the burden of
> proof by a preponderance of the evidence on any
> issue of fact raised by the response.  Any
> challenge to a prior conviction, not raised by
> response to the information before an increased
> sentence is imposed in reliance thereon, shall be
> waived unless good cause be shown for failure to
> make a timely challenge."

21 U.S.C. § 851(c)(2).  Section 851(e) goes on to say
that "[n]o person who stands convicted of an offense
under this part may challenge the validity of any prior
conviction alleged under this section which occurred
more than five years before the date of the information
alleging such prior conviction."

**B.**  **<u>Analysis</u>**

    1.  <u>The Government Must Prove the Convictions</u>
        <u>Occurred Beyond a Reasonable Doubt</u>

If a defendant alleges that prior convictions
sought to be used to enhance his sentence are invalid,
the Government bears the burden of proof beyond a
reasonable doubt.  <u>U.S. v. Luna</u>, 768 F. Supp. 705, 708
(N.D. Cal. 1991).  The Government must prove beyond a
reasonable doubt that the defendant was convicted of

each Count in the Information.  <u>Id.</u> at 709.  While the
Government does bear this burden of proof if the
defendant challenges the "accuracy or authenticity" of
the judgment, if a defendant challenges the
constitutionality of the actual procedure that led to
the conviction, then the burden is on the defendant to
prove by a preponderance of the evidence there was a
constitutional violation.  <u>Id.</u> at 710.

     To determine who bears the burden of proof, the
Court must determine whether Defendant questioned the
fact that he was actually convicted, the
constitutionality of the convictions, or both.  During
the prove-up hearing and in Defendant's Response,
Defendant denied the prior convictions.  Resp. 2:2-4.
However in Defendant's Response, he goes on to say that
he challenges the constitutionality of the convictions.
<u>Id.</u> at 2:4-6.  While the Government puts forth a strong
argument that Defendant did not challenge the actual
convictions, even if the Court found that Defendant did
challenge the actual convictions, Defendant did not set
forth what invalidity challenges he had to the actual
convictions.  And the Government nevertheless proved
beyond a reasonable doubt that the convictions in
Counts One, Two, and Three actually occurred.

     At the prove-up hearing, the Government offered
Exhibit 1 into evidence which was received and
admitted.  Exhibit 1 contained fingerprints and booking
photos of Defendant from his arrest on February 26,

4

2015.  Ex. 1 at USAO_SAWYERS-00789-00793.  As to Count
One, the Government provided a certified copy of the
Minute Order from a pre-trial conference on November
28, 1988, a certified copy of the Minute Order of
Defendant's sentencing on March 3, 1989, a certified
copy of Defendant's probation violation on August 31,
1989, a certified copy of the Abstract of the Judgment
on September 19, 1989, a certified copy of the
Information on October 31, 1988, and a certified copy
of the Felony Complaint on October 17, 1988.  Id. at
USAO_SAWYERS-00794-00809.  As to Count Two, the
Government provided a certified copy of the judgment
and sentence along with fingerprints and a photo of
Defendant on January 28, 1992.  Id. at USAO_SAWYERS-
00810-00817.  Additionally, in the Government's Reply,
the Government provided a printed copy of the docket
entries for the case.  Reply, Ex. 1.  Defendant himself
provided the Eighth Circuit's opinion affirming his
sentence of Count Two.  Ex. A.  As to Count Three, the
Government provided a printed copy of public
information on data of inmates, a photo and
fingerprints of Defendant, and a certified copy of the
judgment on July 11, 2003.  Ex. 1 at USAO_SAWYERS-
00818-00835.  In the Government's Reply, the Government
also provided the Findings and Recommendations of the
Magistrate Judge who questioned Defendant about his
guilty plea, the acceptance of the Magistrate Judge's
Recommendations by the District Court Judge, and a

printed copy of the docket entries for the conviction
in Count Three.  Reply, Exs. 2-3.  A judgment of a
prior conviction is sufficient to prove the conviction
occurred.  <u>Luna</u>, 768 F. Supp. at 709.  Moreover, docket
entries which reflect guilty pleas, sentencing, and
jury verdicts may also support a finding that a
conviction occurred.  <u>U.S. v. Jones</u>, 671 F. Supp. 2d
182, 185 (D. Me. 2009).  As Defendant did not assert
any specific challenges that the convictions actually
occurred, the Government has met its burden.

> 2.  <u>The Government Provided Defendant Adequate
> Notice as to Count One in the Information</u>

Defendant has failed to put forth sufficient
evidence that the Government did not provide adequate
notice of Count One in the Information.  The purpose of
§ 851(a)(1) is to ensure "proper notice so a defendant
is able to challenge the information."  <u>U.S. v. Sperow</u>,
494 F.3d 1223, 1226 (9th Cir. 2007) (quoting <u>U.S. v.
Hamilton</u>, 208 F.3d 1165, 1168 (9th Cir. 2000)).  The
Government needs to include sufficient facts "so that a
rational defendant can identify the prior conviction."
<u>Severino</u>, 316 F.3d at 943 (holding inaccurate
information as to the state in which a prior conviction
took place provided the defendant adequate notice).
Here too, it is correct that the Government failed to
provide the case number of Count One in the
Information.  However, the Information did include the
conviction date, the location of the court where the

1  conviction took place, and the violation that led to
2  the conviction.  Info. 1:27-2:3.  Other courts where
3  the Government included the wrong date and no case
4  number, <u>see</u> <u>U.S. v. King</u>, 127 F.3d 483, 489 (6th Cir.
5  1997), wrong offense, <u>see</u> <u>U.S. Steen</u>, 55 F.3d 1022,
6  1025-28 (5th Cir. 1995), and wrong statutory section,
7  <u>see</u> <u>U.S. v. Campbell</u>, 980 F.2d 245, 251-52 (4th Cir.
8  1992) found adequate notice if the information
9  "definitively identified the prior conviction."
10 <u>Severino</u>, 316 F.3d at 944.

11     Moreover, while Defendant argues that the
12 Government failed to provide adequate notice as to
13 Count One, in Defendant's Response, he argues that if
14 the Court finds the Government did provide adequate
15 notice as to Count One, then he challenges that
16 conviction on the same basis as Count Three, that his
17 guilty plea was not knowing and voluntary.  Resp. 3:26-
18 27.  If Defendant really could not identify the
19 conviction the Government set forth in the Information,
20 Defendant would have been unable to assert a challenge
21 to the constitutionality of the conviction based on a
22 guilty plea that was not knowing and voluntary.  It is
23 clear that the Government put forth more than
24 sufficient information to put Defendant on notice as to
25 which conviction the Government identified and
26 Defendant did not have any trouble in understanding
27 which conviction the Government identified.  <u>See</u>
28 <u>Severino</u>, 316 F.3d at 943-44.  Therefore, the

"statutory purpose of providing defendant notice has been satisfied." Id.

3. 21 U.S.C. § 851(e)'s Five-Year Statute of Limitations Precludes Defendant's Challenges to his Prior Convictions

21 U.S.C. § 851(e) states that a person who is convicted of an offense under the section may not challenge the validity of any prior conviction alleged under this section if the conviction occurred more than five years before the date of the information that alleges the prior conviction. Defendant has failed to put forth binding case law that would persuade this Court to deviate from current binding case law that states that 21 U.S.C. § 851(e)'s five-year statute of limitations is constitutionally valid.

In U.S. v. Davis, 36 F.3d 1424, 1438 (9th Cir. 1994), the defendant alleged that 21 U.S.C. § 851(e) violated the Equal Protection and Due Process Clauses of the Constitution because he was subject to increased punishment and was not afforded an opportunity to challenge the validity of the prior convictions since they were more than five years before the Government filed an information as to the prior convictions. The Ninth Circuit, following the Supreme Court case of U.S. v. Custis, 511 U.S. 485 (1994), determined that there is no constitutional right to collaterally attack prior convictions which are used to enhance a defendant's sentence except for convictions which were obtained in

1   violation of a defendant's right to counsel.  Id.

2        Other than situations where there was a

3   "jurisdictional defect" that resulted from a failure to

4   appoint counsel, the right to challenge prior

5   convictions is a statutory one and not derived from the

6   Due Process Clause.  Id.  The Ninth Circuit went on to

7   hold that the statutory right does not create a suspect

8   class and is subject only to a rational basis analysis.

9   Id.  The court held the section passes the rational

10  basis test because there are cost concerns with courts

11  retaining records of prior convictions going too far

12  back as well as evidentiary concerns if a witness on

13  either side would be available years later to testify

14  about an attack on a plea agreement.  Id.; U.S. v.

15  Williams, 954 F.2d 668, 673 (11th Cir. 1992) (citing

16  Cirillo v. U.S., 666 F. Supp. 613, 616 (S.D.N.Y.

17  1987)).  The Supreme Court in Custis, 511 U.S. at 496,

18  established that the right to collaterally attack a

19  conviction only applies to the right to have appointed

20  counsel, and does not extend to other attacks such as

21  those based on ineffective assistance of counsel or

22  that a guilty plea was not knowing and intelligent.

23       The Eleventh Circuit has also followed suit

24  agreeing with other courts that 21 U.S.C. § 851(e) is

25  constitutional because it merely sets forth aggravating

26  circumstances in sentence enhancement, is practical in

27  limiting the records of prior criminal convictions that

28  would need to be preserved if the section was not in

9

place, and the likelihood of witness availability.
<u>Williams</u>, 954 F.2d at 673.

For the reasons set forth above, Defendant has
failed to set forth sufficient evidence that 21 U.S.C.
§ 851(e) violates the Due Process Clause in light of
current case law.  As such, Defendant cannot challenge
the validity of the prior convictions the Government
set forth in the Information and Counts One, Two, and
Three can be used to enhance his sentence.

Defendant also argues that the use of his prior
convictions to enhance his sentence should have been
submitted to the jury to be proven beyond a reasonable
doubt.  Resp. 4:20-27.  If a statutory provision calls
for an enhanced sentence, then it need not be put in an
indictment or charged separately as it is only
Congress' intent to enhance a sentence, not charge a
person with a separate crime.[1]  <u>Almendarez-Torres v.</u>
<u>U.S.</u>, 523 U.S. 224, 235 (1998).

4.   <u>Defendant's Challenges to his Prior Convictions</u>
     <u>Lack Merit</u>

---

[1] Defendant cites <u>Alleyne v. U.S.</u>, 133 S. Ct. 2151 (2013),
which is distinguishable because in that case the Supreme Court
was determining whether a sentencing factor in determining a
mandatary minimum or maximum needs to be submitted to a jury, not
whether prior convictions being used to enhance a sentence needs
to be submitted to a jury.  Defendant fails to show how his case
and <u>Alleyne</u> are analogous to warrant such a finding.  In <u>Alleyne</u>,
the Supreme Court held that whether a fact must be provided to
the jury to find beyond a reasonable doubt turns on "whether the
fact constitutes an 'element' or 'ingredient' of the charged
offense."  <u>Id.</u> at 2158.  Here, the prior convictions are not an
"ingredient" of the charged offense and therefore did not need to
be submitted to the jury to be proven beyond a reasonable doubt.

It has been established that Defendant cannot challenge the validity of the three Counts alleged in the Information because of the five-year statute of limitations in 21 U.S.C. § 851(e).  However, even if Defendant was not barred by the statute of limitations, Defendant's challenges to the three prior convictions lack merit.  Defendant must prove by a preponderance of the evidence that the prior convictions were obtained in violation of the Constitution by setting forth the factual basis with particularity in responding to the Information.  21 U.S.C. § 851(c)(2).  Defendant has failed to meet this burden in challenging the constitutionality of Counts One, Two, or Three.

Defendant alleges Counts One and Three were convictions based on guilty pleas which were not knowingly and voluntarily made.  Resp. 3:14-18.  In order for a guilty plea to be valid, it must be voluntary and intelligent.  See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Brady v. U.S., 397 U.S. 742, 748 (1970); see also McMann v. Richardson, 397 U.S. 759, 766 (1970).  If a plea "is the product of threats, improper promises, or other forms of wrongful coercion" then it is involuntary.  U.S. v. Hernandez, 203 F.3d 614, 626 (9th Cir. 2000) overruled on other grounds recognized by U.S. v. McChesney, 613 F. App'x. 556 (9th Cir. 2015).  A plea is "unintelligent" if when the defendant enters the plea he is "without the information necessary to assess intelligently 'the

advantages and disadvantages of a trial as compared
with those attending a plea of guilty.'" <u>Hernandez</u>,
203 F.3d at 618–19; <u>Hill v. Lockhart</u>, 474 U.S. 52, 56
(1985); <u>see also</u> <u>Brady</u>, 397 U.S. at 754.

As to both Counts One and Three, Defendant fails to
set forth any factual basis with particularity that
proves by a preponderance of the evidence his guilty
pleas were not knowing and voluntary and instead merely
makes a conclusory statement that the guilty pleas were
not knowing and voluntary.  Moreover, the Magistrate
Judge in Count Three issued a Report and Recommendation
when the Defendant pled guilty finding that Defendant
understood his rights, what rights he was giving up,
and the effect of pleading guilty, which the District
Court Judge accepted.  Ex. 2.  Defendant has failed to
prove by a preponderance of the evidence that the
convictions in Counts One and Three were obtained in
violation of the Constitution.

Defendant claims he was denied effective assistance
of counsel in his conviction of Count Two.  Resp. 2-3.
To make a showing of ineffective assistance of counsel,
a "defendant must show that counsel's representation
fell below an objective standard of reasonableness."
<u>Strickland v. Washington</u>, 466 U.S. 668, 687–88 (1984).
The objective standard of reasonableness has two
components.  The defendant must show that a counsel's
performance was deficient and the deficient performance
prejudiced the defendant.  <u>Id.</u> at 687.  To show

performance was deficient, a defendant must show that
"counsel made errors so serious that counsel was not
functioning as the 'counsel' guaranteed the defendant
by the Sixth Amendment." Id. at 687.  To show the
deficient performance prejudiced the defense, a
defendant must show that the "the counsel's errors were
so serious as to deprive the defendant of a fair trial,
a trial whose result is reliable." Id.

Additionally, "the defendant must show that there
is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding
would have been different.  A reasonable probability is
a probability sufficient to undermine confidence in the
outcome." Strickland, 466 U.S. at 694.  In making a
determination, courts shall focus on the "fundamental
fairness" of the challenged proceeding. Id. at 696.
While there is a strong presumption of reliability in a
counsel's performance, courts need to determine if a
result of a proceeding is unreliable because of a
breakdown in the judicial process. Id.

In looking at the totality of the circumstances,
courts must determine if the acts or omissions were
"outside the wide range of professionally competent
assistance." Id. at 690.  There is a strong
presumption that a counsel has provided adequate
assistance that is within reasonable professional
judgment. Id.  A defendant must show that within
reasonable probability, there would have been a

13

different result in the proceedings, not merely that
the alleged errors had some conceivable effect on the
proceedings.  Id. at 693.  "A reasonable probability is
a probability sufficient to undermine confidence in the
outcome."  Id. at 694.  In determining whether there
was sufficient prejudice, a court may presume that a
judge or jury acted according to the law.  Id. at 694.

     Here, Defendant alleges his trial counsel in
Nebraska in Count Two failed to advise Defendant of the
consequences of going to trial, failed to convey
information about a pretrial resolution, and failed to
investigate Defendant's background and possible prior
convictions.  Resp. 3:7-13.  Exhibit A is a § 2255
motion Defendant made after his conviction in Count Two
where he alleged ineffective assistance of counsel
claiming his counsel failed to investigate a prior
conviction that was not constitutionally valid, failed
to review the record for appeal, and failed to oppose
continuances that were granted in the trial.  This
Court was not given the district court's ruling on the
§ 2255 motion.  However, Defendant did appeal his
conviction and the Eighth Circuit affirmed it finding
that the seventy-day period set forth in the Speedy
Trial Act, 18 U.S.C. § 3161 was tolled as a result of
Defendant and his co-defendant's pretrial motions so
that Defendant was tried within the seventy-day
requirement and there was no violation of the Speedy
Trial Act.  Ex. A.

1    It is unclear what exactly Defendant means or is

2  attempting to argue when he states that counsel failed

3  to advise Defendant of the consequences of going to

4  trial or about a pretrial resolution.  It is possible

5  Defendant is asserting that his counsel failed to

6  advise him of his chances of losing at trial and/or

7  Defendant is alleging there was a possible plea offer

8  by the Government that counsel failed to inform

9  Defendant about, none of which Defendant specifically

10  asserts in his Response.  As Defendant only points to

11  his § 2255 motion in asserting his ineffective

12  assistance of counsel claim, it appears Defendant is

13  alleging he was denied effective assistance of counsel

14  as a result of his counsel's trial strategy decisions

15  in failing to investigate a prior conviction of

16  Defendant and/or counsel's failure to review the record

17  for appeal.  A counsel's strategic decisions is given

18  deference and there is a strong presumption that a

19  counsel has exercised reasonable professional judgment

20  and provided adequate assistance.  Strickland, 466 U.S.

21  at 690.  In looking at the totality of the

22  circumstances (with what little Defendant has

23  provided), it does not appear that counsel acted

24  "outside the wide range of professionally competent

25  assistance."  Id.  Defendant fails to set forth what

26  exact actions taken by his trial counsel or results of

27  those alleged actions affected the outcome of the case

28  and how Defendant was prejudiced by his counsel's

strategic decisions.

Defendant has provided no evidence to the Court showing how an alleged failure by trial counsel to advise him of the consequences of going to trial or about a pretrial resolution resulted in a conviction in violation of the Constitution.  And Defendant has also failed to provide any evidence on how counsel's decision not to investigate Defendant's prior convictions resulted in his denial of effective assistance of counsel.  Defendant fails to prove by a preponderance of the evidence that the conviction in Count Two was obtained in violation of the Constitution.

### III. CONCLUSION

For the foregoing reasons, the Court finds the Government satisfied the evidentiary burden and proved beyond a reasonable doubt that the convictions in Counts One, Two, and Three in the Information occurred. Defendant is barred based on 21 U.S.C. § 851(e)'s five-year statute of limitations from challenging Counts One, Two, or Three.  Additionally, Defendant fails to prove by a preponderance of the evidence that the convictions in Counts One, Two, or Three were obtained in violation of the Constitution.

///

///

///

1   Defendant was advised any further challenges to the
2   convictions in Counts One, Two, or Three not asserted
3   are waived.   Defendant's sentencing will take place on
4   December 7, 2016.
5        **IT IS SO ORDERED.**
6   DATED: November 17, 2016   s/ RONALD S.W. LEW
7                              **HONORABLE RONALD S.W. LEW**
                               Senior U.S. District Judge